# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CONDADO 3 CFL, LLC**

    **Plaintiff,**

    **v.**

**ROBERTO TEMPESTINI CARNIERO, et al.,**

    **Defendants.**

**Civil No. 19-1683 (ADC)**

## OPINION AND ORDER

Pending before the Court is defendants' motion to dismiss for failure to state a claim. **ECF No. 7.** On October 4, 2019, plaintiffs filed their opposition. **ECF No. 21**. Additionally, on that same date, plaintiffs filed an amended complaint. **ECF No. 23**. Defendants filed their answer to the amended complaint. **ECF No. 25**. For the reasons set forth below, defendants' motion to dismiss is **DENIED**.

## I.     Background

On July 18, 2019, plaintiff filed a complaint against defendants under diversity jurisdiction for collection of monies and foreclosure of mortgage. **ECF No. 1**. Pursuant to the complaint, on May 22, 2007, defendants subscribed and signed a Loan Agreement for the amount of $253,088.00 and executed a Pledge Agreement granting a first lien and security interest over a mortgage note, payable to plaintiff, or to its order, for the principal amount of $253,088.00. According to the complaint, the mortgage note is secured by a first mortgage constituted by

Deed Number 653, executed in San Juan, Puerto Rico on August 24, 2005 before Notary Adrián J. Hilera-Torres. Plaintiff alleges it is the owner and holder in due course of the Note executed on that date.

Defendants filed a motion to dismiss alleging that plaintiff's complaint is time-barred. **ECF No. 7**. Specifically, they proffer that insofar as the mortgage was not recorded in the Puerto Rico Property Registry, the mortgage note plaintiff aims to collect is not duly secured by a mortgage and is an unsecured note subject to the Commercial Transactions Act. Consequently, defendants posit that the instant complaint, filed after expiration of the three-year statute of limitations set forth by Section 2-118(a) of Puerto Rico's Commercial Transactions Act, 19 P.R Laws Ann. §518(a), is time-barred.

Defendants further contend that dismissal is proper based on plaintiff's purported lack of standing to file the complaint. **ECF No. 7**. Specifically, defendants argue that plaintiff did not submit the note together with the complaint and thus failed to comply with procedural requirements under applicable state regulations regarding execution of real property. They further argue that, under state law, such omission entails the presumption that the note is lost, destroyed or stolen.

On October 4, 2019, plaintiff opposed defendants' request for dismissal, arguing that Section 2-118(a)'s statute of limitations is inapplicable to the case at bar since the loan at issue is not a commercial one. **ECF No. 21.** Plaintiff further notes that failure to submit the note with the complaint does not deprive them of standing or create the presumption that the note is lost,

destroyed or stolen. Additionally, plaintiff submits that the note is available for defendants' review upon their request. On that same date, and in order to defeat defendants' argument that the claim is time-barred, plaintiff also moved to amend the complaint to include two additional factual allegations regarding the extension of the maturity of the loan. **ECF No. 23**.[1] On October 24, 2019, defendants answered the amended complaint reasserting their affirmative defenses regarding timeliness and standing. **ECF No. 25**.

## II.     Legal Standard

It is well settled that in reviewing a motion for failure to state a claim upon which relief can be granted, the Court accepts "as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Only "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc). Albeit, "it is sometimes permissible to grant a motion to dismiss based on an affirmative defense, such as the statute of limitations…", this is only possible "when the pleader's allegations leave no doubt that an asserted claim is

---

[1] Specifically, plaintiff alleges that the due date of the Note was amended on September 2, 2010 to extend the due date until October 23, 2010 and was later amended on December 29, 2010 to extend the due date until December 22, 2014. **ECF No. 23**. Plaintiff also alleges that on November, 2016 defendants executed a payment plan which granted until October 26, 2017 to pay off their debt. *Id.*

time-barred." *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005) (citation and internal quotation marks omitted).

### III.    Analysis

Defendants' timeliness argument hinges on the proposition that the mortgage deed which secures the mortgage note object of this case was not recorded in the Puerto Rico Property Registry, and as a result, it is an unsecured note subject to the three-year statute of limitations established in Section 2-118 (a) of the Puerto Rico Commercial Transactions Act, 19 P.R. Laws ann. §518(a). Deeming true all well-pleaded facts alleged in the complaint, however, this Court finds that plaintiff has set forth a plausible entitlement to relief. Specifically, plaintiff alleges that the mortgage note in question "is secured by a first mortgage constituted by Deed Number 653, executed in San Juan, Puerto Rico on August 24, 2005 before Notary Adrián J. Hilera-Torres." **ECF No. 23** at ¶13.

Accordingly, Section 2-118(h) of the Commercial Transactions Act applies here. In relevant part, said statute provides that "an action to enforce the obligation of a party to pay a note secured by a real estate mortgage should be commenced within the period of time provided by §5294 of Title 31 (Article 1964 of the Puerto Rico Civil Code) for the exercise of a mortgage action." 19 P.R. Laws ann. ¶518(h). Pursuant to the Puerto Rico Civil Code's Article 1964, 31 L.P.R.A. § 5294, "[a] mortgage action prescribes after twenty (20) years, and those which are personal and for which no special term of prescription is fixed, after fifteen (15) years." Since the mortgage here was allegedly constituted in 2005, from the face of the complaint, plaintiff's claims

appear not to be time barred. *See Centro Médico del Turabo*, 406 F.3d at 6. (dismissal under Rule 12(b)(6) is only possible "when the pleader's allegations leave no doubt that an asserted claim is time-barred.") Consequently, defendants' request for dismissal at this juncture is **DENIED**. This matter may be revisited, however, should discovery reveal that the mortgage deed was never duly recorded in the Property Registry.[2]

On the other hand, defendants argue that plaintiff lacks standing to collect payment because it did not submit a copy of the mortgage note together with the complaint. **ECF No. 21**. While it is true that plaintiff did not provide a copy of the mortgage note with the complaint, such omission does not warrant dismissal. Indeed, plaintiff fails to cite any case law which support such drastic course of action since Puerto Rico courts nor this district have resolved this matter conclusively.

A review of the applicable law, nevertheless, does not support plaintiff's request for dismissal on these grounds. Albeit Article 96.2 (2) of Puerto Rico's General Regulations for the Implementation of the Mortgage and Property Registry Act (*Reglamento General para la Ejecución de la Ley del Registro de la Propiedad*), Regulation No. 2676, provides that a copy of the instrument *should* be included with the complaint if plaintiff alleges it is the holder of instrument, the text does not suggest that failure to do so entails dismissal. Instead, the Court may order inspection

---

[2] It is undisputed that "in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property." 31 L.P.R.A. § 5042. "Under Puerto Rico law recording is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt." *Soto-Ríos v. Banco Popular de P.R.*, 662 F.3d 112, 121 (1st Cir. 2011).

of the original note, and if plaintiff fails to submit the original for inspection as requested by the Court, the note is then presumed to be lost, stolen or destroyed. In such scenario, plaintiff must then comply with the requirements set forth at Section 2-309 of the Commercial Transactions Act regarding the validity of lost, stolen or destroyed instruments. Consequently, plaintiff's motion to dismiss on these grounds is also **DENIED**.

Considering the above and in the interest of judicial expediency, the Court hereby **ORDERS** plaintiff to submit copy of the notes object of this case within 10 days of the entry of this Order and allow inspection of the originals notes by defendants if they so require it, taking all necessary precautionary measures in light of the current situation posed by the Coronavirus pandemic. Within 20 days of the entry of this Order, plaintiff shall also submit a title study of the mortgaged property evidencing that the mortgage securing the note was duly presented and recorded in the Puerto Rico Property Registry. Plaintiff is warned that presenting misleading and inaccurate factual representations in seeking to foreclose an unrecorded mortgage—a remedy which is not available when the mortgage note has not been duly recorded, may entail sanctions. *See Finance of America Reverse, LLC v. The Estate of Carmen Lydia Jiménez-Reyes*, Civil No. 17-1797 (GAG), ECF No. 60.

### IV.   Conclusion

Based on the foregoing, defendants' motion to dismiss is **DENIED**. **ECF No. 7.**

The Court further ORDERS:

1. Within **10 days** of the entry of this Order, plaintiff must submit copy of the notes object of this case and allow inspection of the originals of the notes by defendants, if they so require it, at a time and place agreed upon by the parties, taking all necessary precautionary measures in light of the current situation posed by the Coronavirus pandemic.

2. Within **20 days** of the entry of this Order, plaintiff shall submit a title study of the mortgaged property evidencing that the mortgage securing the note was duly presented and recorded in the Puerto Rico Property Registry.

Failure to timely comply with this Court's order will entail sanctions.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of August, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**